UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN T. MCCAGH,

    Plaintiff,

    v.

HORIZON LINES, LLC, a Delaware limited liability corporation,

    Defendant.

Case No. CV06-363RSL

ORDER GRANTING MOTION TO AMEND COMPLAINT

    This matter comes before the Court on "Plaintiffs' Motion for Leave to Amend his Complaint" (Dkt. # 8).  Plaintiff seeks leave to amend his complaint to add the vessel master, Captain James J. Kelleher, as a defendant.  Defendant opposes this amendment, arguing, among other things, that the amendment would be futile.

    Plaintiff submitted his first complaint on March 13, 2006, asserting claims only against defendant.  In its answer, defendant asserted affirmative defenses premised on the idea that defendant was not liable for its employee's actions.  First Amended Answer, aff. def. ¶¶ 26–27.  In part in response to these affirmative defenses, plaintiff moves to amend his complaint to include the employee.  Motion at 2–3.  However, on May 22, 2006, contemporaneous with its response to the instant motion to amend the complaint, defendant moved to amend its answer to excise these defenses.  Dkt. ## 10–11.

    Defendant argues that the addition of Kelleher would be futile because it now concedes that Kelleher was an agent of defendant and defendant no longer asserts that Kelleher's actions may have

ORDER GRANTING MOTION
TO AMEND COMPLAINT – 1

exceeded the scope of his authority.[1]  Because a principal is liable for its agent's actions, there is no need to add Kelleher as a separate defendant.

Plaintiff argued for the addition of Kelleher as a defendant for two reasons.  One is the now-futile reason—to counter defendant's efforts to distance itself from its employee.  The second reason is that "a shipmaster entering into articles of engagement for a foreign voyage with a merchant seamen is personally liable (along with the owner and the vessel itself) on that contract."  Motion at 5 (citing 2 R. Force & M. Norris, THE LAW OF SEAMEN (5th ed. 2003) § 25:17).  Defendant does not address this argument.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Court follows a "strong policy in favor of allowing amendment, and considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  Although defendant argues persuasively that, upon the Court's approval of defendant's motion to amend its answer, one of plaintiff's reasons for its amendment of the complaint will be futile, it is clear that plaintiff has a legitimate independent reason for the proposed amendment.  Therefore, the amendment is not futile.  Defendant has not made a showing on any of the other relevant factors.

For theses reasons, IT IS HEREBY ORDERED that "Plaintiff's Motion for Leave to Amend his Complaint" (Dkt. # 8) is GRANTED.

DATED this 2nd day of June, 2006.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[1] Defendant further argues that it will suffer prejudice if plaintiff allows the complaint.  This argument lacks merit, however, because defendant only reiterates its futility argument.

ORDER GRANTING MOTION
TO AMEND COMPLAINT – 2